# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES A. CLEMENTS AND JASON CLEMENTS,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION; and THE COURT OF THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>　　　　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

COME NOW JAMES A. CLEMENTS AND JASON CLEMENTS, by and through their attorneys, Michael W. Johns and Roberts Johns & Hemphill, PLLC, and for their Complaint against THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION ("the Tribe"); and THE COURT OF THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION ("the Tribal Court"), state as follows:

COMPLAINT -- 1

**ROBERTS JOHNS & HEMPHILL, PLLC**
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

## SUMMARY OF CASE

1. The Plaintiffs are Washington non-tribal residents and the shareholders and officers of South Bay Excavating, Inc. ("South Bay"). South Bay and the Tribe entered into a Contract on November 1, 2016. South Bay later attempted to assign its rights and responsibilities under the Contract to another corporation owned by Plaintiff Jason Clements, Liquid Networks, Inc. ("Liquid Networks"), but the Tribe rejected the assignment and did not allow Liquid Networks to perform work on the project.

2. The Tribe thereafter brought claims against South Bay and Liquid Networks, as well as against the individual Plaintiffs, before the Tribal Court. Plaintiffs now seek (a) declaratory relief in the form of an order declaring that the Tribal Court lacks jurisdiction over the Plaintiffs, and (b) an injunction prohibiting the Tribal Court from adjudicating the claims brought against the Plaintiffs by the Tribes.

3. The case before the Tribal Court is titled *THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION vs. SOUTH BAY EXCAVATING, INC., LIQUID NETWORKS, INC., JAMES A. CLEMENTS AND JASON CLEMENTS*, Case No. CV-OC-2018-410009.

4. The Plaintiffs have exhausted their Tribal Court remedies before bringing this action.

## PARTIES

5. James A. Clements is a resident of the state of Washington residing at 1333 Maple Valley Rd. SW, Olympia, Washington.

COMPLAINT -- 2

6. Jason Clements was a resident of the state of Washington residing at 4627 11th Ave. NW, Olympia, Washington at the time of all material events herein. Jason Clements is now a resident of Texas.

7. The Confederated Tribes of the Colville Reservation is a federally recognized sovereign Indian tribe with its mailing address at 21st Colville Street, Nespelem, WA 99155.

8. The Tribal Court of the Confederated Tribes of the Colville Reservation is organized pursuant to the Tribe's Constitution and, along with the Court of Appeals of the Confederated Tribes of the Colville Reservation, make up The Judicial Branch of government for the Tribe.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States; and under 28 U.S.C. §2201 because it involves an actual controversy. The District Court reviews the Tribal Court's decisions in its exercise of jurisdiction as a matter of federal law.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Defendant resides in the Eastern District of Washington and the events giving rise to the claim occurred in this District.

## FACTS

11. Plaintiff James Clements formed South Bay in 1987. South Bay did business as an excavating company for over 30 years, being

COMPLAINT -- 3

ROBERTS JOHNS & HEMPHILL, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

administratively dissolved in 2018.  In February 2005 Plaintiff Jason Clements also became a shareholder and an officer of South Bay.

12. South Bay and the Tribe entered into a Contract for Repair and/or Construction Services dated November 1, 2016 (the "Contract"), which was signed by Plaintiff Jason Clements in his capacity as the vice president of South Bay.

13. Under the contract, South Bay was to install approximately 35 miles of fiber optic cable. The contract specifically refers to South Bay as the "Contractor".  Neither Plaintiff is a party to the Contract, only South Bay.

14. South Bay performed a portion of its scope of work and was paid a portion of the Contract price by the Tribes, but experienced financial difficulties and stopped work in June 2017.  Plaintiff Jason Clements thereafter formed a new corporation, Liquid Networks, Inc., to which South Bay assigned its rights and responsibilities under the Contract executed with the Tribes. The Tribes, however, rejected the assignment and did not allow Liquid Networks to perform work on the project.

15. The Tribe filed a lawsuit against South Bay and Liquid Networks, as well as against the individual Plaintiffs, in the Tribal Court on January 5, 2018. The Tribe's Complaint alleged claims for breach of contract, abuse of the corporate form and piercing of the corporate veil, breach of contractual indemnification, and unjust enrichment.

16. However, the Plaintiffs never consented to submitting to the jurisdiction of the Tribal Court.  Moreover, corporations are entities created

COMPLAINT -- 4

under state law, and the Tribe's claims regarding abuse of the corporate form and piercing of the corporate veil are governed by the law of the state of Washington, not Tribal law.

17. In March 2018 the Plaintiffs thus filed a motion to dismiss the claims against them for lack of personal and subject matter jurisdiction. The Tribal Court denied the motion on May 17, 2018.

18. The Plaintiffs thereafter filed an Interlocutory Appeal before the Court of Appeals of the Confederated Tribes of the Colville Reservation, which on March 19, 2019 affirmed the Tribal Court's decision that it has subject matter jurisdiction and dismissing without prejudice the Plaintiffs' appeal regarding personal jurisdiction and remanding the case to the Tribal Court for trial.

## COUNT I
## DECLARATORY JUDGMENT

Paragraphs 1 through 18 above are incorporated herein by reference.

19. Plaintiffs are "interested parties" within the meaning of 28 U.S.C. § 2201. Plaintiffs seek a declaration of its rights and legal relations concerning whether they are subject to the Tribal Court's purported adjudication of the Tribe's claims against them.

20. There is an actual controversy within the jurisdiction of this Court because declaratory and injunctive relief will effectively adjudicate the rights of the parties.

21. Specifically, the Plaintiffs request a declaration that:

COMPLAINT -- 5

      a.     The Tribes are prohibited from asserting claims against the Plaintiffs arising out of the Tribe's contract with South Bay in the Tribal Court;

      b.     The Tribal Court is prohibited from adjudicating any claims against the Plaintiffs arising out of the Tribe's contract with South Bay;

      c.     Any judgment, order, decision or decree that the Tribe might procure from the Tribal Court or which the Tribal Court might issue in the future is null, void, and of no force and effect; and

      d.     The efforts of the Tribe to adjudicate its claims against the Plaintiffs in the Tribal Court would violate Plaintiffs' rights, privileges, and immunities guaranteed by the Constitution, treaties, and laws of the United States and the State of Washington.

## COUNT II
## INJUNCTION

22.    Paragraphs 1 through 21 above are incorporated herein by reference.

23.    Unless preliminarily and permanently enjoined, the Tribe will proceed with its action to adjudicate its claims in the Tribal Court against Plaintiffs without jurisdiction over the subject matter of the claims against Plaintiffs or personal jurisdiction over the Plaintiffs.

24.    The actions and threatened actions of the Tribe and the Tribal Court will cause Plaintiffs irreparable injury.

COMPLAINT -- 6

ROBERTS JOHNS & HEMPHILL, PLLC
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646

25. Plaintiffs lack an adequate remedy at law, other than by this suit.

WHEREFORE, Plaintiffs respectfully request this Court to grant judgment as follows:

1. For a declaratory judgment stating that:

   a. The Tribe is prohibited from asserting claims against Plaintiffs arising out of the Tribe's contract with South Bay in the Tribal Court;

   b. The Tribal Court would exceed its jurisdiction if it allowed the Tribe to proceed with its claims against the Plaintiffs;

   c. Any judgment, order, decision, decree or the like that the Tribe may procure from the Tribal Court or which the Tribal Court might issue in the future with respect to those claims is null, void, and of no force and effect; and

   d. The efforts of the Tribe to adjudicate its claims against the Plaintiffs in the Tribal Court would violate Plaintiffs' rights, privileges, and immunities guaranteed by the Constitution, treaties, and laws of the United States and the State of Washington.

2. For a preliminary and permanent injunction, independent and in furtherance of the requested declaratory judgment, enjoining:

   a. The tribe from prosecuting or pursuing its claims in the Tribal Court; and

COMPLAINT -- 7

   b. The Tribal Court from adjudicating any claims involving the Plaintiffs arising out of the Tribe's contract with South Bay.

  3. For Plaintiffs costs incurred in this matter; and

  4. For such further relief as the Court deems just and proper in the circumstances.

  DATED this 5th day of June, 2019.

      ROBERTS JOHNS & HEMPHILL, PLLC


      /s/ Michael W. Johns
      MICHAEL W. JOHNS, WSBA No. 22054
      Attorneys for Plaintiffs

      7525 Pioneer Way, Suite 202
      Gig Harbor, WA  98335
      Telephone:  (253) 858-8606
      Fax:  (253) 858-8646
      Email: mike@rjh-legal.com

COMPLAINT -- 8

**ROBERTS JOHNS & HEMPHILL, PLLC**
7525 PIONEER WAY, SUITE 202
GIG HARBOR, WASHINGTON 98335
TELEPHONE (253) 858-8606
FAX (253) 858-8646