FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES A. CLEMENTS; and JASON CLEMENTS,<br><br>     Plaintiffs,<br><br> v.<br><br>CONFEDERATED TRIBES OF THE COLVILLE RESERVATION; and COURT OF THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>     Defendants. | NO: 2:19-CV-201-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM |

BEFORE THE COURT is a Motion to Dismiss, ECF No. 8, by Defendants

the Confederated Tribes of the Colville Reservation ("the Tribes") and the Court of

the Confederated Tribes of the Colville Reservation ("the Tribal Court").

Defendants seek dismissal for lack of subject matter jurisdiction under Fed. R. Civ.

P. Rule 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The Court has reviewed the Complaint, the parties' submissions, and the relevant

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A
CLAIM ~ 1

law.  The Court further heard oral argument on the motion on November 14, 2019, in Spokane.  Accordingly, the Court is fully informed and grants the motion.

## BACKGROUND

Plaintiff James Clements formed South Bay Excavating, Inc. ("South Bay") in 1987.  ECF No. 1 at 3.  The Olympia, Washington, company provided excavation services.  *Id.*  Jason Clements became a shareholder and an officer of South Bay in 2006.[1]

In November 2016, Defendant the Tribes entered into a "Contract for Repair and/or Construction Services" with South Bay to complete the "CTCR 12 Fiber Projects" for the Tribes ("the Contract").  ECF No. 9-1.  Jason signed the Contract for South Bay as Vice President of the company.  ECF No. 9-1 at 17.  The Contract was executed in Nespelem, Washington, where the Tribes are headquartered, and provided for South Bay's installation of optical fiber cable for $2,457,194, with payments remitted to South Bay on a detailed schedule and a scheduled completion date of October 31, 2017.  ECF No. 9-1 at 1, 5, 16.  The Contract obliged South Bay, as the "Contractor," to "be solely responsible for all construction under this Contract, including the techniques, sequences, procedures, and means for coordination of all work."  *Id.* at 9.  The Contract further provided for the "Tribal

---

[1] The Court hereinafter refers to Plaintiffs by their first names for clarity.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 2

Courts of the Colville Confederated Tribes" to have "sole and exclusive jurisdiction over disputes arising from the Contract." ECF No. 9-1 at 14.

Following execution of the Contract, the Tribes allegedly paid South Bay for work pursuant to the Contract. ECF No. 9-2 at 7. The Tribes allege that South Bay "walked off of the job" on approximately June 1, 2017, without notice and without any indication of how it would complete the project. ECF No. 9-3 at 2; *see also* ECF No. 9-2 at 7 (alleging that work ceased on June 2, 2017). In a letter dated June 22, 2017, the South Sound Bank, out of Olympia, Washington, notified the Tribes that the bank was exercising its "rights to collect any amounts" that the Tribes owed to South Bay, "until further notice." ECF No. 9-4 at 2.

On July 6, 2017, Liquid Networks, Inc. ("Liquid Networks") was registered as a Washington corporation. ECF No. 9-5 at 2. By letter dated July 7, 2017, a law firm representing Liquid Networks informed the Tribes that Liquid Networks had been assigned the Contract from South Bay. ECF No. 9-6 at 2. The letter further stated that Liquid Networks intended "to resume work on the project on or around July 10th and will adhere to the same terms and conditions for the 'CTCR 12 Fiber Projects' Contract." *Id.* On July 11, 2017, James, for assignor South Bay, and Jason, for assignee Liquid Networks, signed an Assignment of Contract in which Liquid Networks allegedly assumed South Bay's rights, duties, and obligations under the Contract with the Tribes. ECF No. 9-7 at 2. In Defendants' instant motion they allege that the "creation of Liquid Networks and assignment of

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 3

the Contract appear to have been done solely to evade collections efforts by South Sound Bank." ECF No. 9 at 4.

On approximately August 28, 2017, the Tribes addressed a letter to James, as President of South Bay, seeking return of approximately $385,000 that the Tribes allegedly had paid South Bay toward work that South Bay had not performed and payment of $25,000 in allegedly outstanding fees owed to the Tribal Employment Rights Office ("TERO"). ECF No. 9-3 at 2.

The Tribes filed a Civil Complaint with the Tribal Court on January 5, 2018. ECF No. 9-2 at 4−79. The Tribes named South Bay, Liquid Networks, and the Clements as defendants. Id. The Clements moved to dismiss the Tribes' claims against them individually for lack of personal and subject matter jurisdiction. ECF No. 1 at 5. The Tribal Court denied the motion on May 17, 2018, finding that the "issue of whether James and Jason Clements are personally liable for allegedly breaching the contract is necessarily a dispute 'arising from' the contract" and dismissal would not be appropriate "until the Tribes have presented their case at trial." ECF No. 9-8 at 6−7.

The Clements sought interlocutory appeal of the Tribal Court's denial of the motion to dismiss. ECF No. 9-9 at 3. On March 19, 2019, the Colville Tribal Court of Appeals found that the question of whether the tribal courts should "pierce the corporate veil" and find personal jurisdiction over the Clements

individually was "not ripe for interlocutory appeal" and remained a "matter for the fact-finder at the trial level." ECF No. 9-9 at 3.

Plaintiffs filed their Complaint in this Court on June 5, 2019, alleging that Plaintiffs had exhausted their tribal court remedies. ECF No. 1 at 2. Plaintiffs seek relief, allegedly as "interested parties" within the meaning of 28 U.S.C. § 2201, in the form of a declaratory judgment that the tribal court lacks jurisdiction over Plaintiffs and an injunction prohibiting the tribal court from adjudicating the claims brought against the Plaintiffs by the Tribes. *Id.* at 2, 5−8. Furthermore, Plaintiffs assert subject matter jurisdiction under 28 U.S.C. § 1331. *Id*. at 3.

## DISMISSAL STANDARDS

### *Fed. R. Civ. P. 12(b)(1)*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court will dismiss a complaint under Fed. R. Civ. P. 12(b)(1) upon finding that the court lacks jurisdiction over the subject matter of the suit. As a general rule, a court may dismiss a complaint *sua sponte* upon finding that it lacks subject matter jurisdiction. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). However, due to the "quasi jurisdictional nature" of sovereign immunity, a defendant may waive a challenge to jurisdiction on that ground "if it does not invoke its immunity in a timely fashion and takes actions indicating consent to the litigation." *Pistor*, 791 F.3d at 1111. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its

existence." *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013) (quoting *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)).

A district court resolving a challenge to subject matter jurisdiction need not presume the truthfulness of a plaintiff's allegations and may "'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Pistor*, 791 F.3d at 1111 (quoting *Robinson*, 586 F.3d 685)).

***Fed. R. Civ. P. 12(b)(6)***

When a defendant challenges a complaint's sufficiency under Fed. R. Civ. P. 12(b)(6), the court must determine whether the complaint bears "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marin Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not "assume the truth

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 6

1 of legal conclusions merely because they are cast in the form of factual allegations."

2 *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal

3 quotation omitted).

## DISCUSSION

### *Exhaustion of Remedies*

6 In seeking a declaratory judgment, Plaintiffs ask this Court to determine that

7 the Tribal Court may not exercise jurisdiction over them with respect to the Tribes'

8 civil lawsuit. This inquiry presents a federal question under 28 U.S.C. § 1331.

9 *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857

10 (1985). However, to successfully invoke the Court's jurisdiction under section

11 1331, considerations of comity require Plaintiffs first to exhaust their tribal court

12 remedies. *Id.* at 857; *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 478

13 (1999).

14 Where colorable questions of tribal jurisdiction exist, a plaintiff must exhaust

15 tribal remedies before pursuing relief in federal court. *Atwood v. Fort Peck Tribal*

16 *Court Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008); *Stock W. Corp. v. Taylor*, 964

17 F. 2d 912, 919−20 (9th Cir. 1992). In this context, the Court considers whether

18 Defendants' assertion of sovereign immunity presents a colorable question of tribal

19 jurisdiction.

20 / / /

21 / / /

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A
CLAIM ~ 7

*Sovereign Immunity*

"As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). A tribe cannot impliedly waive its sovereign immunity; the waiver must be "unequivocally expressed." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).

Indian tribes "retain legislative and adjudicative jurisdiction to provide for disposition of reserved lands and to regulate activities on those lands." *Smith v. Salish Kootenai College*, 434 F.3d 1127, 1131 (9th Cir. 2006). There "'is no simple test for determining whether tribal court jurisdiction exists.'" *Id.* at 1130 (quoting *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir. 1989)). Although, generally, a tribe's inherent sovereign powers do not extend to the activities of nonmembers of the tribe, the United States Supreme Court articulated two exceptions to that principle in *Montana v. United States*, 450 U.S. 544 (1981). *Id.* The first *Montana* exception is relevant here and recognizes that tribes retain civil jurisdiction to "regulate, through taxation licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." 450 U.S. at 565–66. A tribe's adjudicative jurisdiction over nonmembers may not exceed its regulatory jurisdiction. *Water Wheel Camp Rec. Area, Inc. v. Larance*, 642 F.3d 802, 814 (9th Cir. 2011).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 8

In resolving the instant motion, the Court first finds that the Tribal Court has not yet determined whether it has authority to exercise personal jurisdiction over Plaintiffs.  *See* ECF No. 9-9 at 3.  More specifically, the Tribal Court must make factual findings to determine whether the corporate veil should be pierced, which would then provide for personal jurisdiction over the Plaintiffs in the Tribal Court. *See id.*  Therefore, the Court finds that Plaintiffs have not exhausted their tribal remedies, because the issue of whether the Tribal Court has personal jurisdiction over the Plaintiffs has not been resolved.

Second, the Court finds that, due to Plaintiffs' failure to exhaust tribal remedies, the jurisdictional issue posed by Defendants' assertion of sovereign immunity is not yet before the Court.  At this juncture, the Court must determine only whether the tribal court has a colorable claim to exercising jurisdiction over Defendants.  *See Atwood*, 513 F.3d at 948; *Stock W. Corp*, 964 F. 2d at 919−20.

The information before this Court indicates that the civil lawsuit against Plaintiffs proceeding in Tribal Court arises out of Plaintiffs' commercial dealing on the reservation with the Tribes.  *See* ECF Nos. 9-1, 9-2, and 9-9.  The alleged breach of a contract that was formed with the Tribes at tribal headquarters fits naturally within the first *Montana* exception, recognizing tribal civil jurisdiction concerning "the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." 450 U.S. at 565−66.  Therefore, the Court finds that there is a colorable claim to

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 9

tribal jurisdiction, and, thus, tribal sovereign immunity, that must be resolved at the tribal level in the first instance. *See Smith*, 434 F.3d at 1131 n. 1; *see also Nevada v. Hicks*, 533 U.S. 353, 360 (2001) (indicating that courts should consider whether the events giving rise to the action took place on tribal land).

A federal district court has discretion to determine whether a case should be stayed or dismissed while tribal remedies are exhausted. *National Farmers Union Ins. Cos.*, 471 U.S. at 857. Here, the Court finds that the considerations of convenience and fairness to the parties, the underlying issue of comity, and judicial economy all favor dismissal. Specifically, the Court finds it inappropriate and imprudent to retain any role in this matter, such as requiring the parties to submit status reports during a stay, given the Tribal Court's entitlement to determining the jurisdictional issue in the first instance. *See Iowa Mut., Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1985) (recognizing that exhaustion of tribal remedies serves to prevent federal courts from "impairing [tribal courts'] authority over reservation affairs").

Therefore, **IT IS HEREBY ORDERED:**

1.    Defendants' Motion to Dismiss, **ECF No. 8**, is **GRANTED**.

2.    This matter is **dismissed without prejudice**, and without costs or fees for any party, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The District Court Clerk shall enter a judgment of dismissal without prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 10

3. All upcoming hearings and deadlines in this matter, if any, are **vacated**, and any pending motions are **denied as moot**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment of dismissal without prejudice as directed, provide copies to counsel, and **close the file**.

**DATED** November 15, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM ~ 11